UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-379-BO

| LUCINDA LAWRENCE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER** |
| vs. | ) | |
| | ) | |
| TIGERSWAN, INC, BRIAN SEARCY, | ) | |
| AND JAMES REESE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant TigerSwan, Inc. ("TigerSwan") by and through their attorneys file this Answer responding to the allegations contained in Plaintiff's Complaint:

## **PARTIES**

1. TigerSwan admits upon information and belief that Plaintiff resides at 45835 Debhill Terrace, Sterling, Virginia 20166.

2. TigerSwan admits that it is a corporation organized and existing under the laws of the state of Colorado, and that it has a place of business at 3452 Apex Peakway, Apex, North Carolina 27502. TigerSwan admits that Brian Searcy is the President and Chief Operating Officer of TigerSwan and that James Reese is the Chief Executive Officer of TigerSwan. TigerSwan admits that it employs 244 individuals and provides linguist translation services, security operations services, logistics, and disaster relief to governmental and corporate entities. Except as expressly admitted herein, TigerSwan denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION

3. TigerSwan admits that Plaintiff purports to allege claims for gender discrimination under Title VII of the Civil Rights Act of 1964. TigerSwan admits that this Court has jurisdiction over the subject matter of this action. TigerSwan admits that Plaintiff's Complaint seeks relief under Title VII of the Civil Rights Act of 1964. Except as expressly admitted herein, TigerSwan denies the allegations contained in Paragraph 3 of the Complaint.

## STATEMENT OF CLAIMS

4. TigerSwan admits that Plaintiff's Complaint involves allegations pertaining to her employment termination. Except as expressly admitterd herein, TigerSwan denies the allegations contained in Paragraph 4 of the Complaint.

5. TigerSwan admits that Plaintiff is not presently employed by TigerSwan. TigerSwan admits that Plaintiff was employed by TigerSwan from February 19, 2009 to May 7, 2009. TigerSwan admits that Plaintiff was discharged. Except as expressly admitted herein, TigerSwan denies the allegations contained in Paragraph 5 of the Complaint.

6. TigerSwan denies the allegations contained in Paragraph 6 of the Complaint.

7. TigerSwan denies the allegations contained in Paragraph 7 of the Complaint.

8. TigerSwan denies the allegations contained in Paragraph 8 of the Complaint.

9. TigerSwan denies the allegations contained in Paragraph 9 of the Complaint.

10. TigerSwan denies the allegations contained in Paragraph 10 of the Complaint.

11. TigerSwan admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission on or about May of 2009. TigerSwan admits that Plaintiff attached the Dismissal and Notice of Right to Sue letter to the Complaint. TigerSwan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the date the

letter was received by the Charging Party. Except as expressly admitted herein, TigerSwan denies the allegations contained in Paragraph 11 of the Complaint.

12. TigerSwan denies that Plaintiff is entitled to any relief sought, including those identified in Paragraph 12 of the Complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

TigerSwan denies each and every allegation not specifically admitted herein and denies that Plaintiff is entitled to the relief requested in her prayer for relief and to any other relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that those claims exceed the scope of or are inconsistent with the charges of discrimination filed by Plaintiff with the Equal Employment Opportunity Commission.

### THIRD AFFIRMATIVE DEFENSE

All events which occurred more than 180 days prior to the filing of charges of discrimination by Plaintiff are untimely and not properly assertable in this action; nor is Plaintiff entitled to relief in this case for any event which occurred more than 180 days prior to the filing of the charges of discrimination.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to comply with all statutory prerequisites, Plaintiff's claims in this action are barred.

## FIFTH AFFIRMATIVE DEFENSE

As a defense to both the question of liability and the assessment of any damages, TigerSwan asserts that it exercised reasonable care to prevent and correct promptly any discriminatory behavior, and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by TigerSwan or to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has and continues to have the ability to mitigate damages, and to the extent that mitigation has not occurred, TigerSwan pleads failure to mitigate as a full or partial bar to any recovery.

## SEVENTH AFFIRMATIVE DEFENSE

TigerSwan's actions with respect to Plaintiff's employment were based on legitimate, business related, non-discriminatory, and non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

TigerSwan hereby reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant TigerSwan prays to the Court:

1. That Plaintiff have and recover nothing of TigerSwan;
2. That Plaintiff's Complaint be dismissed with prejudice;
3. That judgment be entered in favor of TigerSwan;

4. That the costs of this action be taxed against Plaintiff and that TigerSwan recover its cost of defending this action, including but not limited to attorneys' fees as allowable by law; and

5. That the Court grant TigerSwan such other relief as the Court may deem just and proper.

This the 16th day of December, 2010.

Respectfully submitted,

/s/ Patricia T. Bartis
Patricia T. Bartis
N.C. State Bar No. 21212
pattibartis@parkerpoe.com
Jennifer H. Dupuy
N.C. State Bar No. 37632
jenniferdupuy@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, North Carolina  27602
Telephone: (919) 835-4664
Facsimile:  (919) 834-4564
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Answer** was served on the party in this action on this day by depositing a copy thereof in the United States mail, postage prepaid, addressed as follows:

> Lucinda Lawrence
> 45835 Debhill Terrace
> Sterling, Virginia 20166
> *Plaintiff (Pro se)*

This the 16th day of December, 2010.

> /s/ Jennifer H. Dupuy
> Jennifer H. Dupuy
> N.C. State Bar No. 37632
> jenniferdupuy@parkerpoe.com
> PARKER POE ADAMS & BERNSTEIN LLP
> 150 Fayetteville Street
> Suite 1400, P.O. Box 389
> Raleigh, North Carolina 27602
> Telephone: (919) 835-4664
> Facsimile (919) 834-4564
> *Attorney for Defendants*