IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-379-BO

| | |
|---|---|
| LUCINDA LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TIGER SWAN, INC., ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on defendant's motion to compel deposition testimony and for sanctions (D.E. 49). Defendant filed a memorandum (D.E. 50) with exhibits (D.E. 50-1 to 50-2) and a declaration (D.E. 51) with exhibits (D.E. 51-1 to 51-2) in support of the motion. Plaintiff filed a response (D.E. 53). For the following reasons, defendant's motion will be allowed.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, commenced this employment-related action by filing an application to proceed *in forma pauperis* on 13 September 2010. (IFP App. (D.E. 1)). The application was allowed (*see* D.E. 3) and her complaint (D.E. 4) filed on 15 October 2010. The complaint alleges that plaintiff was terminated on the basis of her sex when she was, among other things, falsely accused of wrongdoing. (Compl. ¶¶ 5, 6). The complaint also alleges that she was deprived of benefits to which she was entitled. (*Id.* ¶ 9). Defendant answered (*see* D.E. 19), denying the allegations in the complaint. A Scheduling Order was entered that provided for discovery to close on 30 September 2011 and dispositive motions to be filed by 31 October 2011. (Sched. Order (D.E. 26) ¶¶ 1, 3).

Plaintiff thereafter requested (*see* D.E. 27) an extension of the discovery deadlines based on purported hardships she is experiencing as a result of her temporary employment in South Korea and

her efforts to secure legal counsel. The court allowed plaintiff's motion in part and permitted a modest extension of the discovery deadline until 30 November 2011. (*See* Ext. Order (D.E. 36) 3 ¶ 3). In its order, the court urged the parties to take advantage of all available technology, including video conferencing, in completing discovery. (*Id.* 3). Plaintiff was also expressly reminded that her *pro se* status does not excuse her from her obligations under the order and in the litigation generally. (*Id.*). The court subsequently extended the discovery deadline to 15 February 2012. (Order and Protective Order re Plf.'s Med. Records (D.E. 52) 10 (12 Dec. 2011)).

On 17 November 2011, defendant took the teleconference deposition of plaintiff. Counsel for defendant was in Raleigh, North Carolina, and plaintiff was in Seoul, South Korea. It is this deposition that is the subject of defendant's motion.

## DISCUSSION

Defendant contends that at her deposition plaintiff repeatedly refused to answer relevant questions. By its motion, it seeks, among other relief, an order compelling plaintiff to attend the continuation of her deposition, requiring her to answer the questions she allegedly refused to answer and other relevant questions, and directing her to pay the attorney's fees and other expenses, in the total amount of $5,247.93, allegedly resulting from her refusals to answer. In her one-page response, which is not in all respects clear, plaintiff denies that she refused to answer and requests that no expenses be assessed against her.

The principles governing defendant's motion are well established. The Federal Civil Rules enable the parties to obtain information through various discovery procedures, including depositions by oral examination. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Although addressed specifically to the circumstance in which a deponent is represented by counsel, the provision applies equally to a deponent who is a pro se litigant, as here. *Ferrell v. Sparkman*, No. 4:06-cv-7, 2007 WL 172516, at *2 n.1 (E.D. Tenn. 18 Jan. 2007). Thus, under Rule 30(c)(2), "a deponent may refuse to answer a question during a deposition only for one of the three listed reasons: the preservation of privilege, the enforcement of a court-directed limitation, or the presentation of a motion under Rule 30(d)[(3)] to terminate a deposition that is being conducted in bad faith or in manner that unreasonably annoys, embarrasses,

3

or oppresses the deponent or a party." *Id.* at *2; *see also Calderon v. Symeon*, Civ. No. 3:06CV1130 (AHN), 2007 WL 735773, at *2 (D. Conn. 2 Feb. 2007). Lack of relevance is not a valid basis to refuse to answer, although a deponent may state the objection on the record. *Ferrell*, 2007 WL 172515, at *2. These provisions reflect the broad principle that gamesmanship to evade answering discovery as required is prohibited. *See Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010).

When a deponent fails to answer a question at a deposition, a party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(i). An evasive or incomplete answer is treated as a failure to answer. *Id.* (a)(4). If the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the deponent's failure to answer was substantially justified, or other circumstances make an award of expenses unjust. *Id.* (a)(5)(A).

Here, none of plaintiff's failures to answer were permissible under Rule 30(c)(2). Most were improper on their face, including the refusal to provide witnesses' telephone numbers; to describe conversations she had with a witness; and to describe conditions in Iraq when she was there. Her quibbling over the meanings of commonly used words, such as "look," "prepare," "office," "dangerous," and "siren," was particularly reprehensible. (*See* Excerpts from Plf.'s Dep. (D.E. 50-1) 37, 98, 99, 101, 103). Although plaintiff objected that some information sought was proprietary, she did not in the deposition excerpts submitted by defendant or in her response to defendant's motion demonstrate that any of the information is, in fact, proprietary. In any event, as defendant's counsel

4

told plaintiff during the deposition, she would not appear to violate any confidentiality agreement with respect to such information by disclosing it to defendant's counsel. Similarly, plaintiff has not shown that any of the information sought is subject to any governmental security restrictions.[1]

Plaintiff's refusals to answer clearly warrant the continuation of her deposition, as defendant has requested. The refusals are large in number and, in many instances, appear to relate to the core of the claims she asserts. Thus, plaintiff's misconduct prevented defendant from obtaining a substantial amount of relevant information to which it is entitled.

Defendant may therefore resume the deposition of plaintiff. Defendant shall provide plaintiff reasonable written notice of the continuation of the deposition, in accordance with Fed. R. Civ. P. 30(b)(1). Defendant shall confer with plaintiff regarding the date and time for the deposition before noticing it. The deposition may be taken by videoconference, and shall be limited to a one day of up to four hours. Although as part of its motion defendant sought extension of the then-existing discovery deadline to take the continuation of plaintiff's deposition, the court believes the subsequently extended and current discovery deadline of 15 February 2012 should provide it ample time for the continuation of the deposition. Defendant may confer with the undersigned's chambers regarding the scheduling of the deposition in the event it continues to want the undersigned to be available during the deposition to resolve disputes that may arise.

Plaintiff shall attend the continuation of her deposition. She shall provide truthful and complete answers to all questions asked unless the refusal to answer is permissible on one or more of the grounds stated in Rule 30(c)(2), as set forth above, and each ground upon she relies is stated

---

[1] Contrary to contentions in plaintiff's response, it is no defense to her failures to answer that she may have done so politely. The persons at a deposition, or any other legal proceeding, are expected to treat each other in a civil manner, but such conduct is no substitute for fulfillment of substantive obligations under applicable law.

on the record, concisely and in a nonargumentative manner. The questions plaintiff must answer include, but are not limited to, those she failed to answer at the initial session of her deposition on 17 November 2011 and questions seeking the same information. She shall also respond to questions regarding her claims for medical-related damages, including but not limited to questions concerning her medical condition and medical history. (*See* Order and Protective Order re Plf.'s Med. Records 2, 6-10).

**Failure by plaintiff to attend the continuation of her deposition or to answer questions as provided in this Order will subject her to the imposition of sanctions. Such sanctions may include, but are not limited to, dismissal with prejudice (that is, without the right ever to assert again) of each and every one of her claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(v).**

As to defendant's request for expenses, which, again, defendant contends exceed $5,000.00,[2] the court will defer its ruling pending completion of the continuation of plaintiff's deposition. Doing so will enable the court to consider plaintiff's conduct at the continuation of her deposition in making its decision on the issue of expenses. Any complaints defendant has regarding such conduct by plaintiff shall be set forth in a memorandum filed with the court within 21 days after completion of the continuation of plaintiff's deposition, but in no event later than 7 March 2012. The memorandum shall be supported by excerpts of the deposition transcript showing the conduct by plaintiff about which defendant complains. Plaintiff shall file any response to defendant's submission within 14 days after it is filed. Nothing herein shall be interpreted as limiting defendant

---

[2] By separate order, the court has awarded defendant the reasonable expenses incurred in conducting plaintiff's deposition on 17 November 2011 that go beyond typical deposition expenses. (*See* Order and Protective Order re Plf.'s Med. Records 4). The court has yet to set the amount of such expenses pending the filing by plaintiff of a response to defendant's submissions on such amount or expiration of the deadline for plaintiff's response. Needless to say, defendant cannot recover the same expenses more than once. Therefore, any expenses awarded pursuant to the prior order would not be included in those awarded pursuant to the instant motion.

6

from seeking relief from conduct by plaintiff at the continuation of her deposition that defendant contends violates this Order or is otherwise improper.

## **CONCLUSION**

For the reasons and on the terms set out above, defendant's motion (D.E. 49) is allowed.

SO ORDERED, this the 6th day of January 2012.

James E. Gates
United States Magistrate Judge